LAW OFFICES
**UDALL, SHUMWAY & LYONS, P.L.C.**
30 WEST FIRST STREET
MESA, ARIZONA 85201-6695
Telephone: (480)461-5300
Fax: (480)833-9392

Erin H. Walz - #023853
ehw@udallshumway.com
Attorney for Zarifa Azizi Naim

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ZARIFA AZIZI NAIM,<br><br>Debtor. | Case No. 2:11-bk-26638-RJH<br><br>Adv. No. 2:12-ap-00035-RJH |
| KEY BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ZARIFA AZIZI NAIM,<br><br>Defendant. | **ANSWER**<br><br>(Honorable Randolph J. Haines) |

NOW COMES the Defendant, ZARIFA AZIZI NAIM ("Naim" or Defendant), by and through her attorney, and for her Answer to the Complaint, admits, denies, or otherwise pleads as set forth herein.

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit.

## NON-DISCHARGEABILITY OF DEBT (§ 523(a)(2))

7. Admit.

8. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 8, and therefore denies same.

9. The terms of the Security Agreement are as set forth therein; all characterizations thereof are denied.

10. Deny as written. Naim's son, Masoud Azizi, resided with her and was a user of the Subject Property. Admit that Naim purchased the Subject Property primarily for the use of her son, who resided with her at time of purchase. Deny that Naim's son, Masoud Azizi, resided at the Chatsworth, CA address. The Subject Property was kept at Naim's address in Simi Valley until she could no longer afford to make the required payments. At that time, approximately October 2008, she or someone on her behalf notified Plaintiff that Subject Property would be stored at 19785 Trammell Lane, Chatsworth, CA, and that Plaintiff could repossess property. On information and belief, Subject Property was repossessed by Plaintiff.

11. Deny.

## CAUSE OF ACTION
## NON-DISCHARGEABILITY OF DEBT (§ 523(a)(6))

12. Defendant reincorporates and realleges her responses to the preceding paragraphs.

13. Deny as written. The son referenced in this paragraph resided with Naim at and after her acquisition of the Subject Property. Admit that Naim, through her son, stored the Subject Property at the Chatsworth, CA address, and further states that Plaintiff was notified of same. Deny the remainder of paragraph 13.

14. Admit the first sentence of paragraph 14. Naim is without sufficient information to form a belief as to the truth or falsity of the second sentence of paragraph 14, and therefore denies same. Admit the third sentence of paragraph 14.

15. Admit the contents of 11 U.S.C. § 523(a)(6), which speaks for itself, and all characterizations thereof are denied.

16. Deny.

17. Deny.

18. Admit that this matter arises out of contract, but denies Plaintiff's entitlement thereto.

**WHEREFORE**, Defendant requests that this Court:

A. Dismiss the Complaint and award Plaintiffs nothing thereby;

B. Award Defendant her costs and reasonable attorneys' fees incurred and expended in responding to the Complaint; and

C. For such other and further relief as the Court deems just and appropriate in the premises.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses, Defendant pleads the following:

1. Plaintiff's claim for non-dischargeability pursuant to 11 U.S.C. § 523(a)(6) fails because Defendant Debtor did not cause willful and/or malicious injury to the Plaintiff or to the Subject Property.

2. Plaintiff will not be able to prove the elements of its cause of action, including damages.

3. The Subject Property was repossessed by an agent of Plaintiff, and that fully or partially satisfied the debt Plaintiff claims herein.

4. Accord and satisfaction.

5. Estoppel.

6. Laches.

7. Fraud and illegality.

8. Payment.

9. Release.

1. 10. Waiver.

2. 11. Defendant reserves the right to plead the additional affirmative defenses of Bankr. Rule 7008, adopting Rule 8(c), Federal Rules of Civil Procedure, upon discovery of facts demonstrating their application herein.

12. Having fully answered the allegations of Plaintiff's Complaint, Defendant requests this Court's Order dismissing Plaintiffs' Complaint, awarding Plaintiff nothing thereby, awarding Defendant her costs and reasonable attorneys' fees incurred and expended herein, and for such other and further relief as the Court deems just and proper in the premises.

DATED: this 2nd day of February, 2012.

UDALL, SHUMWAY & LYONS, P.L.C.

By: /s/ Erin H. Walz
Erin H. Walz
30 West First Street
Mesa, AZ 85201
Attorney for Zarifa Azizi Naim

3726748.1 / January 13, 2012
106766.001

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on February 2nd, 2012, I electronically transmitted the above |
| 3 | pleading to the Clerk's Office using the CM/ECF System for filing and transmittal of a |
| 4 | Notice of Electronic Filing to the parties registered on the CM/ECF System. |
| 5 | |
| 6 | Nancy K. Swift nswift@buchalter.com |
| 7 | Nancy K. Swift |
| 8 | Alan M. Levinsky |
| | BUCHALTER NEMER |
| 9 | 16435 North Scottsdale Road, Suite 440 |
| | Scottsdale, AZ 85254-1754 |
| 10 | |
| 11 | By: /s/Gayle A. Lindsay |